E-FILED
Tuesday, 06 August, 2019 01:56:14 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| BRADFORD VICTOR-ADAMS MUTUAL INSURANCE COMPANY, an Illinois corporation, as subrogee of JUDITH and WAYNE ALLEN, | ) ) ) ) ) | |
| Plaintiff, | ) | Case No. 4:18-cv-04167-SLD-JEH |
| v. | ) ) | |
| ELECTROLUX HOME PRODUCTS, INC., an Ohio corporation, and MIDEA USA, INC., a New Jersey corporation, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant Midea USA, Inc.'s ("Midea USA") motion to dismiss, ECF No. 11, Plaintiff Bradford Victor-Adams Mutual Insurance Company as subrogee of Judith and Wayne Allen's ("Bradford") Second Amended Complaint ("SAC"), ECF No. 5, and Midea USA's Motion for Leave to File Reply, ECF No. 18. For the reasons that follow, the motions are GRANTED.[1]

## BACKGROUND[2]

---

[1] The Court prohibits replies to motions to dismiss without leave. CDIL-LR 7.1(B)(3). Midea USA moves for leave to file a reply in support of its motion to dismiss, arguing that Bradford raised an unanticipated argument in its response. Mot. Leave File Reply 1. To allow Midea USA to adequately respond to the new argument and "in the interest of completeness," *see Vought v. Bank of Am., N.A.*, No. 10-CV-2052, 2013 WL 3336883, at *2 (C.D. Ill. July 2, 2013), the Court will consider Midea USA's proposed Reply Brief, ECF No. 18-1. The Clerk is directed to file it on the docket.

[2] In reciting the facts, a court takes a complaint's allegations as true, draws every inference in favor of plaintiff, *Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870, 878 (7th Cir. 2006), and resolves all factual disputes in favor of plaintiff, *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). "[F]acts contained in the defendant's affidavits that remain unrefuted by the plaintiff" are accepted as true. *GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1020 n.1 (7th Cir. 2009). Unless otherwise noted, the facts set forth herein are taken from the SAC.

1

On April 20, 2017, a Frigidaire-branded dehumidifier ignited and burned in Judith and Wayne Allen's home causing significant smoke and fire related property damage. Bradford paid the Waynes more than $75,000 for the damage caused by the defective humidifier and now seeks reimbursement from the responsible party. Bradford asserts diversity jurisdiction—all parties are citizens of different states and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332(a)—and alleges strict products liability and negligence counts against Defendant Electrolux Home Products, Inc. and Midea USA. Midea USA now seeks dismissal of Bradford's claims, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, arguing it is not subject to personal jurisdiction—general or specific—in Illinois. Br. Supp. Mot. Dismiss 2, ECF No. 11. Bradford argues the Court has personal jurisdiction over Midea USA, and in the alternative, requests an opportunity to conduct jurisdictional discovery to further bolster its claim. Resp. Mot. Dismiss 11–13, ECF No. 16.

## DISCUSSION

### I. Motion to Dismiss

#### a. Legal Standard

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal where a court lacks personal jurisdiction over the defendant. "District courts exercising diversity jurisdiction apply the personal jurisdiction rules of the state in which they are located." *Philos Techs., Inc. v. Philos & D, Inc.*, 802 F.3d 905, 912 (7th Cir. 2015). The Illinois long-arm statute provides that "[a] court may . . . exercise jurisdiction on any . . . basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States." 735 ILCS 5/2-209(c). The parties do not indicate the state's constitutional standards, as applied to this case, differ from federal law so the Court evaluates Midea USA's contacts under the federal due process

limitations.  *See Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715–16 (7th Cir. 2002); *Russell v. SNFA*, 987 N.E.2d 778, 785 (Ill. 2013) ("[T]here have been no decisions from th[e] [Illinois Supreme] [C]ourt or the appellate court identifying any substantive difference between Illinois due process and federal due process on the issue of a court's exercising personal jurisdiction over a nonresident defendant.").

The personal jurisdiction inquiry turns on "the defendant's relationship to the forum [s]tate." *Bristol-Myers Squibb Co. v. Superior Court of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1779 (2017).  "[T]he defendant must have minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Hyatt Int'l Corp.*, 302 F.3d at 716 (quotation marks omitted).  "Personal jurisdiction . . . restricts judicial power not as a matter of sovereignty, but as a matter of individual liberty, for due process protects the individual's right to be subject only to lawful power." *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 884 (2011) (quotation marks omitted).

There are two types of personal jurisdiction, general and specific. *Bristol-Myers*, 137 S. Ct. at 1780.  "A court with general jurisdiction may hear *any* claim against that defendant," *id.*, though "only a limited set of affiliations with a forum" suffice for this "all-purpose" jurisdiction, *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (indicating that a corporation is subject to general jurisdiction in the state where it is incorporated and where its principal place of business is located).  For "foreign (sister-state or foreign country) corporations" to be subject to general jurisdiction, their contacts with the forum state must be "so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quotation marks omitted).

For specific personal jurisdiction to exist, the plaintiff must demonstrate that the defendant purposefully availed itself of the privileges of the forum state by "follow[ing] a course of conduct directed at the society or economy existing within the jurisdiction of a given sovereign, so that the sovereign has the power to subject the defendant to judgment concerning that conduct." *J. McIntyre Mach., Ltd.*, 564 U.S. at 884. "[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Bristol-Myers*, 137 S. Ct. at 1780 (quotation marks omitted). The Seventh Circuit has established the following requirements:

> (1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice.

*Felland v. Clifton*, 682 F.3d 665, 673 (7th Cir. 2012) (citations omitted).

A complaint need not recite facts alleging personal jurisdiction. *Sanofi-Synthelabo, S.A.*, 338 F.3d at 782. "However, once the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Id*. A defendant may support his motion with affidavits. *Nelson by Carson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983). If he does so, the plaintiff "must similarly submit affirmative evidence." *Matlin v. Spin Master Corp.*, 921 F.3d 701, 705 (7th Cir. 2019). When the court relies only on the written submissions, a plaintiff "need only make out a prima facie case of personal jurisdiction." *Sanofi-Synthelabo, S.A.*, 338 F.3d at 782 (quotation marks omitted). Under this standard, all conflicts in the affidavits or supporting materials will be resolved in the plaintiff's favor. *Id*. But "any facts

contained in the defendant's affidavits that remain unrefuted by the plaintiff" are accepted as true. *GCIU-Emp'r Ret. Fund*, 565 F.3d at 1020 n.1.

   b. **Analysis**[3]

Midea USA argues specific jurisdiction cannot be imposed because it "did not design, manufacture, supply, or sell Frigidaire-branded dehumidifiers in the State of Illinois or anywhere else." Br. Supp. Mot. Dismiss 7. In response, Bradford contends Midea USA has sufficient contacts with Illinois under either the broad or narrow stream-of-commerce theory. Resp. Mot. Dismiss 4–8 (citing *J. McIntyre Mach., Ltd.*, 564 U.S. at 888–89). Specifically, Bradford argues that corporations, like Midea USA, that place their products in the stream of commerce expecting that they will be purchased by consumers in a forum state are vulnerable to being hailed into that forum's courts. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297–98 (1980). It points to Midea USA's office in Schaumburg, Illinois, Google Search, Resp. Mot. Dismiss Ex. C, ECF No. 16-3; its registration with the state of Illinois as a Texas corporation, Corporation File Detail Report (capitalization altered), Resp. Mot. Dismiss Ex. B, ECF No. 16-2; Midea's website's marketing statements touting it as "the world's largest producer of major appliances," About Midea Webpage, Resp. Mot. Dismiss Ex. D, ECF No. 16-4, from which, Bradford asserts, the Court must infer that Midea has "employees, operations, facilities and centers" in Illinois, Resp. Mot. Dismiss 8; the safety recall filed with the United States Consumer Product Safety Commission ("CPSC") that indicated Midea dehumidifiers were sold through Amazon.com, Lowe's, and Menards, which are retailers that sell products in Illinois, CPSC Recall, Resp. Mot.

---

[3] According to Midea USA, it is incorporated in Texas and its headquarters and principal place of business is in New Jersey. Br. Supp. Mot. Dismiss 5. Bradford alleged in its SAC that Midea USA was incorporated in New Jersey. SAC 2. Regardless, no one asserts Midea USA is incorporated in Illinois or that its principal place of business was ever in Illinois and Bradford does not oppose Midea USA's argument that it is not subject to general personal jurisdiction in Illinois. Accordingly, the Court's analysis focuses solely on specific jurisdiction.

Dismiss Ex. E, ECF No. 16-5; and an email admitting that Midea Inc. was the manufacturer of the dehumidifier at issue, Tao He Email, Resp. Mot. Dismiss Ex. A, ECF No. 16-1. Resp. Mot. Dismiss 7–8.

In its Reply, Midea USA argues that Bradford fails to appreciate that Midea USA is separate from all the other Midea entities. Reply 1. Attached to the Reply is an affidavit from Charles Wang, Midea USA's former senior product manager and last employee. Wang Aff. ¶¶ 2–3, Reply Ex. B, ECF No. 18-1 at 10. He states that Midea USA ceased operations in 2013 and currently has no offices or employees in Illinois. *Id*. at ¶¶ 7, 9. Its last physical presence in Illinois, an office in Schaumburg, Illinois, ended in mid-2013 when Midea USA terminated its lease. Reply 3; Wang Aff. ¶ 10. Midea USA's registration with the Illinois Secretary of State was "revoked" on March 14, 2014. Corporation File Detail Report. Wang also attests that Midea USA has never been involved in the design, manufacture, supply, distribution, or sale of any dehumidifiers, including any Frigidaire-branded dehumidifiers, in Illinois or elsewhere. Wang Aff. ¶¶ 13–15. Additionally, the CPSC Recall indicated that the faulty dehumidifiers were manufactured by GD Midea Air Conditioning Equipment Ltd., of China, not Midea USA. *See* CPSC Recall 4. The Tao He Email asserted Midea, Inc., not Midea USA, manufactured the product at issue. Reply 2–3.

Midea USA's evidence regarding its Illinois contacts establishes that it was a Texas corporation registered in Illinois, leased an office in Illinois until mid-2013 when the business ceased operating, and did not sell Frigidaire-branded dehumidifiers in Illinois. Bradford's evidence does not contradict or supplement these contacts. The Court cannot infer from Midea's website's marketing statements that Midea USA "purposefully availed [it]self of the privilege of conducting business in [Illinois]," *Felland*, 682 F.3d at 673. The CPSC Recall and the Tao He

6

Email involved different companies and made no mention of Illinois. Even if the subject dehumidifier model was sold by Amazon.com, Lowe's, or Menards, Bradford does not argue or present evidence that those retailers sold it in Illinois. Although Bradford states the "dehumidifier manufactured by Midea . . . was sold . . . through a Midea-authorized retailer in Illinois," Resp. Mot. Dismiss 9, it provides no evidence to rebut Wang's sworn and contrary statement. *See GCIU-Emp'r Ret. Fund*, 565 F.3d at 1020 n.1.

Ultimately, Midea USA's only contacts with Illinois are its registration and its leased office. More importantly, Bradford has not linked these minimal contacts with the malfunctioning dehumidifier. Specific jurisdiction "is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Bristol-Myers*, 137 S. Ct. at 1780 (quotation marks omitted). Without a connection between the contacts and the controversy, there is nothing to indicate Midea USA purposely engaged in a "course of conduct directed at the society or economy" of Illinois so that a court in Illinois "has the power to subject the defendant to judgment concerning that conduct." *J. McIntyre Mach., Ltd.*, 564 U.S. at 884. Therefore, Bradford has failed to establish that the Court has personal jurisdiction over Midea USA.

Anticipating the Court's ruling, Bradford alternatively seeks leave to conduct discovery regarding Midea USA's contacts with Illinois. Resp. Mot. Dismiss 11–13. Bradford argues that it has set forth a colorable or prima facie showing that Midea USA is subject to personal jurisdiction in Illinois and should be granted the ability to discover additional information that resides only with Midea USA and is not publicly available. Resp. Mot. Dismiss 11–12.

A plaintiff does not have an absolute right to jurisdictional discovery. *Ellis v. Fortune Seas, Ltd.*, 175 F.R.D. 308, 312 (S.D. Ind. 1997). A court may exercise its power under Rule

26(b)(2)(C)(i) to require "the plaintiff to show a colorable basis for jurisdiction before subjecting the defendant to intrusive and burdensome discovery in [a] distant forum." *Id.*[4] Courts may "grant jurisdictional discovery if the plaintiff can show that the factual record is at least ambiguous or unclear on the jurisdiction issue." *JT's Frames, Inc. v. Casares*, No. 16-CV-2504, 2018 WL 835225, at *3 (N.D. Ill. Feb. 13, 2018) (quotation marks omitted).

The Court denies Bradford's request to conduct discovery. Leaving aside Midea USA's having only minor and discontinued contacts with Illinois, there is no dispute that Midea USA has never been involved in the design, manufacture, supply, distribution, or sale of any dehumidifiers, including any Frigidaire-branded dehumidifiers in Illinois or elsewhere. Wang Aff. ¶¶ 13–15.[5] Bradford does not allege it has been precluded from seeking information from Midea USA, independently researching the company, or investigating how the subrogees acquired the dehumidifier. Bradford has not made a colorable showing of personal jurisdiction and has not convinced the Court that court-ordered discovery is necessary or likely to lead to evidence justifying the imposition of personal jurisdiction over Midea USA. *Cf. Arellano v. Tube Fabrication & Color, LLC,* No. 2:18-CV-342-JVB-JEM, 2019 WL 1332159, at *2 (N.D. Ind. Mar. 22, 2019) (allowing discovery when defendant's affidavit indicated it conducted some

---

[4] District courts evaluating jurisdictional discovery motions frequently rely on *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corporation*, 230 F.3d 934, 946 (7th Cir. 2000), which cites *Ellis* but adds the term "prima facie" to this standard without explanation. *Id.* ("[T]he plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted."). Since a "prima facie" showing based on the written submissions is sufficient to establish personal jurisdiction, it seems illogical to apply this standard to a request for discovery. *Ellis* acknowledged that courts in other jurisdictions have called this threshold requirement a "prima facie showing" but shortly thereafter reiterated that, "[r]equiring . . . a *colorable basis* for exercising jurisdiction is consistent with both the purpose of the due process requirement of minimum contacts and the district court's obligation to control discovery under Rule 26(b)(2)." *Ellis*, 175 F.R.D. at 312 (quotations omitted) (emphasis added). *Reimer*'s heightening of the standard to secure discovery seems to be unintentional. The Court will rely on *Ellis*'s original guidance and apply a "colorable" standard to requests for jurisdictional discovery.

[5] Bradford's contrary allegations, SAC ¶¶ 8, 15, 37, 39, 46, were refuted by Wang's affidavit. Bradford has not presented any evidence to support its allegations or dispute Wang's affidavit. *See GCIU-Emp'r Ret. Fund*, 565 F.3d at 1020 n.1. There is no ambiguity to resolve with discovery.

business within forum); *JT's Frames, Inc*., 2018 WL 835225, at *5–6 (allowing jurisdictional discovery when defendants' unsupported arguments did not adequately rebut plaintiff's allegations, leaving an "ambiguous or unclear" "factual record" (quotation marks omitted)); *Wilson v. Nouvag GmbH*, No. 15-CV-11700, 2018 WL 1565602, at *8 (N.D. Ill. Mar. 30, 2018) (denying request under prima facie standard because the plaintiff did not establish any contacts with Illinois or "that any suit-related conduct occurred in Illinois." The plaintiff also "failed to adequately dispute any of the facts asserted in [the defendant's] declaration." The fact plaintiff had only limited information about the defendant did not, in the absence of meeting the prima facie standard, entitle the plaintiff to jurisdictional discovery); *J&J Sports Prods., Inc. v. Fialko*, No. 17 C 3275, 2018 WL 576144, at *3 (N.D. Ill. Jan. 26, 2018) (denying request to conduct jurisdictional discovery when defendant refuted plaintiff's assertion of personal jurisdiction based on defendant's alleged ownership of property in Illinois).

## CONCLUSION

Accordingly, the motion to dismiss, ECF No. 11, and motion for leave to file reply, ECF No. 18, are GRANTED. The Clerk of Court is directed to file the Reply, ECF No. 18-1. Defendant Midea USA is DISMISSED.

Entered this 6th day of August, 2019.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
